IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


VICKIE MENDENHALL                                                                            PLAINTIFF

vs.                                         Civil No. 1:07-cv-01087

MICHAEL J. ASTRUE                                                                         DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Vickie Mendenhall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 8).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for SSI on October 7, 2004. (Tr. 60-62). Plaintiff alleged she was disabled due to seizures, migraine headaches, and back pain. (Tr. 69, 78, 85, 96). This application was initially denied on December 15, 2004 and was denied again on reconsideration on April 27, 2005. (Tr. 45, 54). On June 20, 2005, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

application. (Tr. 57). The hearing was held on June 14, 2006 in El Dorado, Arkansas. (Tr. 245-281). Plaintiff was present and was represented by counsel, Theodore Stricker, at this hearing. *See id.* Plaintiff, her mother Shirley Russell and Vocational Expert ("VE") Dr. Tyra Watts all testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty (40) years old, which is defined as "younger adult individual" under 20 C.F.R. §416.963, and had completed the eleventh grade in school. (Tr. 249).

On December 27, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 12-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 5, 2004, her alleged onset date. (Tr. 20, Finding 2). The ALJ determined Plaintiff had the severe impairments of seizure disorder, migraine headaches, hypertension, and depression. (Tr. 20, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 17-19, Findings 5 and 6). The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 17-18). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's medical records were not consistent with her complaints of disabling pain; (2) Plaintiff's functional limitations were not supported by the evidence; (3) Plaintiff's daily activities are inconsistent with an individual who is unable to work;

2

(4) Plaintiff has not routinely taken strong pain medicine, and (5) Plaintiff's alleged limitations appear to be self imposed. (Tr. 17-18).

After discounting Plaintiff's subjective complaints, the ALJ then stated he reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 19, Finding 6). Specifically, the ALJ determined Plaintiff retained the RFC to lift and/or carry 10 pounds frequently and 20 pounds occasionally; sit 6 hours in an 8-hour workday (1 to 2 hours without interruption); stand and/or walk 6 hours in an 8-hour workday; and can occasionally climb, stoop, crouch, kneel, and crawl. The ALJ also found that Plaintiff should avoid heights and moving machinery. The ALJ further found that mentally, Plaintiff would be limited to unskilled work.

The ALJ next determined Plaintiff was unable to perform her Past Relevant Work ("PRW") (Tr. 20, Finding 12), but was able to perform work existing in significant numbers in the national economy. (Tr. 20). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 252-255, 276-280). The VE testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 276-280). For example, the VE testified such a hypothetical person could perform work as a routing clerk (6000 such jobs in the State of Arkansas and 84,000 in the nation), and shipping credit clerk (7,600 such jobs in the State of Arkansas and 76,000 in the nation). The ALJ went on to find Plaintiff was not under a disability from the date of her application through the date of the decision. (Tr. 20, Finding 15).

On March 7, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.984(b)(2). On July 3, 2007, the Appeals Council declined to review this determination. (Tr. 3-5). On September 18, 2007, Plaintiff appealed the ALJ's

3

decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on January 25, 2008. (Doc. No. 8).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his evaluation of Plaintiff's subjective complaints; (B) the ALJ erred in his RFC determination; and (C) the ALJ failed to consider Plaintiff's urinary incontinence. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ properly determined Plaintiff's RFC; (C) there is no objective evidence to support a disabling condition of urinary incontinence.

#### A. Credibility Determination

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective

complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 17-18). Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for her pain; the type, dosage, effectiveness and any alleged adverse side effects of her pain medication; her treatment for pain other than medication; her functional restrictions; and her restrictions on daily living. (Tr. 17-18).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1) Plaintiff's medical records were not consistent with her complaints of disabling pain; (2) Plaintiff's functional limitations were not supported by the evidence; (3) Plaintiff's daily activities are not indicative of an individual who is completely unable to work; (4) Plaintiff functions largely at a normal level; (5) Plaintiff's alleged limitations appear to be self imposed; (6) There is no indication Plaintiff has sought aggressive medical treatment or emergency treatment for disabling pain, and (7) Plaintiff has not regularly taken strong pain medication. (Tr.17-18).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. Residual Functional Capacity

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. In response, Defendant argues the ALJ properly evaluated Plaintiff's RFC.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this case the ALJ found Plaintiff had severe impairments of seizure disorder, migraine headaches, hypertension, and depression. The ALJ determined Plaintiff was capable of performing a wide range of less strenuous light work activity. (Tr. 19). The ALJ found Plaintiff retained the RFC to lift and/or carry 10 pounds frequently and 20 pounds occasionally; sit 6 hours in an 8-hour

workday (1 to 2 hours without interruption); stand and/or walk 6 hours in an 8-hour workday; and can occasionally climb, stoop, crouch, kneel, and crawl. The ALJ also found that Plaintiff should avoid heights and moving machinery.  The ALJ further found that mentally, Plaintiff would be limited to unskilled work.  (Tr. 19).

Plaintiff's medical records show a history of treatment for seizures beginning in May 2004 after she fell at work. (Tr. 15, 163-164). Plaintiff indicated she had continuing headaches. She was admitted to a hospital for a magnetic resonance imaging (MRI) test and a CT scan on May 4, 2004. (Tr. 166-167). Plaintiff was being treated by neurologist Dr. Shailesh Vora during this hospital stay. The MRI revealed a normal brain scan with a congenital variant present involving the ventricular system.  (Tr. 168).  The CT scan report indicated minor anomalies which were not sufficient to constitute a diagnosis of a Arnold-Chiari Malformation, (Tr. 178), a condition which Plaintiff claims to suffer from. (Doc. No. 9 Pgs. 13-15).

Following this, Plaintiff was treated by Dr. Vora, from May 17, 2004 through January 4, 2005.  (Tr. 179-201).  Plaintiff was seen by Dr. Vora on nine occasions during this time period.  On each occasion, Dr. Vora indicated Plaintiff should be off work until further notice.  (Tr. 180, 183, 186, 189, 192, 195, 197, 199, 200). Dr Vora also indicated Plaintiff should not participate in any activity that could make her dangerous in case of seizure.  (Tr. 180, 183, 186, 189, 192, 195, 197, 199, 201).

In his decision, the ALJ makes no references to the treatment Plaintiff received and opinions of Dr. Vora.  Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the]

9

record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).   An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician *only* where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Substantial evidence does not support the ALJ's RFC determination and his decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of the Plaintiff's treating physician.  Because the ALJ did not properly review the opinions of the Plaintiff's treating physician, Dr. Vora, this case should be reversed and remanded for proper review and analysis of Dr. Vora's opinions.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.

### C. Urinary Incontinence

Plaintiff argues the ALJ failed to considered whether Plaintiff's diagnosed bladder problem was medically sufficient to meet the criteria of urinary incontinence.

There does appear to be any objective evidence to support the existence of a disabling condition related to Plaintiff's complaints of urinary incontinence.  Plaintiff was seen on two occasions in 2003 with such complaints and  she was prescribed medication with no evidence that the condition was not controlled or did not resolve within a very short time frame.  (Tr. 106,116). Furthermore, Plaintiff did not allege urinary incontinence was a medical condition which contributed

to her alleged inability to work. An ALJ is ordinarily under no obligation to investigate claims not presented at the time of the application for benefits and not offered at the hearing as a basis for disability. *See Sullins v. Shalala*, 25 F.3d 601, 604 (8th Cir. 1994).

There was no error on the ALJ's review of the record as it relates to Plaintiff's prior complaints of bladder problems.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of November, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE