IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VICKIE MENDENHALL                                                                          PLAINTIFF

vs.                                          Civil No. 1:07-cv-01087

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

### ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 13).[1] Defendant has responded to this Motion and has no objections to the requested attorney fees, but does object to an award of expenses that were not incurred at the district court level. (Doc. No. 15). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 8). Pursuant to this authority, the Court issues this Order.

**1. Background:**

Vickie Mendenhall ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for Supplemental Security Income ("SSI") under Title XVI of the Act. (Doc. No. 1). On November 12, 2008, this Court reversed and remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 12). On December 23, 2008, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. (Doc. No. 13). With this Motion, Plaintiff requests an award of attorney's fees and

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

expenses of $2,952.00, representing 22.40 hours of work at an hourly rate of $125.00, plus expenses of $152.00. *See id.* Defendant responded to this Motion on January 13, 2008 and has objected to an award of expenses which were not incurred at the district court level. (Doc. No. 15).

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

### 3. Discussion:

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 12). Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose her application for fees under the EAJA, does not object to the hourly rate requested, and does not dispute the number of hours expended by counsel. (Doc. No. 14). This Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $2,952.00 under the EAJA. (Doc. No. 13). Plaintiff requests attorney's fees at a rate of $125.00 per hour for 22.40 hours of attorney work. *See id.* The hourly rate of $125.00 per attorney hour is authorized by the EAJA. and this Court finds that $125.00 is an appropriate hourly rate for the award of attorney's fees in this case.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application.

(Doc. No. 14 Exhibit 2). The Court notes that Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.

Plaintiff also seeks an award of expenses of $152.00. (Doc. No. 13). Defendant has objected to an award for any expenses that were not incurred at the district court level. (Doc. No. 15). Defendant's objection is well taken and Plaintiff will be awarded expenses of $31.47.

Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $2,831.47, representing 22.40 hours of attorney work at an hourly rate of $125.00, plus expenses of $31.47. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406 in order to prevent double recovery by the Plaintiff.

**4. Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$2,831.47** pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **20th day of January, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE